# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| JUAN SALAZAR, | ) Cause No: |
| | ) CV-11-16-BLG-CSO |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER GRANTING MOTION** |
| | ) **TO COMPEL** |
| | ) |
| CONTINENTAL | ) |
| CONSTRUCTION | ) |
| OF MONTANA, LLC, A&J | ) |
| CONSTRUCTION OF MONTANA, | ) |
| INC., and JOHN DOES A-Z, | ) |
| | ) |
| Defendants. | ) |

Defendant A&J Construction of Montana, Inc. has filed a Motion to Compel Plaintiff's response to a single interrogatory. *Court Doc. 55.* Interrogatory No. 1 of A&J's Second Discovery Requests asks Plaintiff to "identify the Occupational Safety and Health Act Regulations Plaintiff claims A&J Construction violated as alleged in Plaintiff's Third Amended Complaint." *See Court Doc. 56 at 3.* Plaintiff did not answer the interrogatory, instead objecting that it "calls for a legal

1

conclusion" and was "vague." For the reasons set forth below, the motion will be granted.

I. **<u>Applicable Legal Standard</u>**

A motion to compel may be filed when a party disagrees with the objections interposed by the other party and wants to compel more complete answers. *See Moreno Rivera v. DHA Global Forwarding,* 272 F.R.D. 50 (D. P.R. 2011). The Court has wide discretion in controlling discovery. *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

The burden lies on the objecting party to show that a discovery request is improper. Where a party's objections are themselves vague and impermissibly overbroad, and no specifics are given, the objecting party fails to carry its burden. *See McLeod, Alexander, Powel & Apffel, P.C. V. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that the party resisting discovery must show specifically how each discovery request is not relevant or how each question is overly broad, burdensome or oppressive); *Contratto v. Ethicon, Inc.,* 227 F.R.D. 304, 308-09 (N.D.Cal. 2005) (finding declaration of counsel insufficient to

warrant protection of documents). Even when the required showing is not made, however, the Court still has the obligation to review the discovery requests to ensure that they are non-frivolous requests. *Moreno Rivera, supra,* 272 F.R.D. at 57.

## II. The Request is Relevant and Non-Frivolous

Where no claim of privilege applies, the production of evidence can be compelled regarding any matter that is "relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). The information sought by Interrogatory No. 1 is clearly relevant. Plaintiff alleged in his Third Amended Complaint, filed on May 18, 2011, that Defendants "failed to comply with OSHA standards" and that such violations "constitute negligence per se." *See Court Doc. 24 at 6-7, ¶¶ 29, 33.* Plaintiff has not here objected to the interrogatory on the basis of relevance.

## III. Plaintiff's Objections Are Not Sufficient

Plaintiff objected that the interrogatory calls for a legal conclusion. It does not. Instead, it asks Plaintiff to identify what OSHA regulation he claims were violated. This is a contention interrogatory, not a request for a legal conclusion.

Plaintiff's next objection is that the question is vague. His responsive brief does not explain how the interrogatory is vague and the Court does not find it to be vague. Accordingly, this objection is overruled.

Plaintiff emphasizes that he should not be required to respond to the interrogatory because the information will be provided in his expert disclosure. But the federal rules make clear both the deadlines for responding to discovery and the parties' freedom to conduct discovery in any sequence they choose. *See* Fed. R. Civ. P. 26(d)(2)(A). As A&J Construction here seeks to do, parties may use interrogatories to obtain information to provide to their experts in preparation for trial. The responding party may not unilaterally decide to control the sequence of discovery. *Segal v. Amazon.com, Inc.*, 2011 WL 841317 (W.D. Wash. 2011) (one party may not withhold discovery pending receipt of its own requested discovery). The Court's Scheduling Order requiring the disclosure of experts does not eliminate the parties' option to seek relevant discovery by way of Rule 33 of the Federal Rules.

## IV. Payment of Expenses

Rule 37(a)(5)(A) provides as follows:

> If the motion [to compel] is granted..., the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Pursuant to this rule, the Court will schedule a hearing on: (1) whether payment of expenses is appropriate; (2) if so, the amount of payment that should be awarded; and (3) whether Plaintiff or his attorney, or both, should be responsible for payment of those expenses.

## V. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that A&J's Motion to Compel (*Court Doc. 55*) is GRANTED. Plaintiff shall respond fully to Interrogatory No. 1 no later than May 1, 2012.

IT IS FURTHER ORDERED that the deadline for A&J Construction of Montana to serve its liability expert disclosures is extended to May 29, 2012. All other deadlines not amended herein remain in full force and effect.

IT IS FURTHER ORDERED that counsel shall appear before the Court on Tuesday, May 29, 2012, at 2:00 p.m., for a hearing to

determine: (1) whether payment of expenses to A&J Construction is appropriate; (2) if so, the amount of payment that should be awarded; and (3) whether Plaintiff or his attorney or both, should be responsible for payment of those expenses.

DATED this 25th day of April, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge