# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | | |
|---|---|---|
| JUAN SALAZAR, | ) | |
| | ) | CV-11-16-BLG-CSO |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CONTINENTAL CONSTRUCTION OF MONTANA, LLC, A&J CONSTRUCTION OF MONTANA, INC., and JOHN DOES A-Z, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This action arose after Plaintiff Juan Salazar ("Salazar") fell and was injured at a construction site. Currently ripe for the Court's review are Defendant A&J Construction of Montana, Inc.'s ("A&J") Motion for Temporary Restraining Order (*Court Doc. 70*), and its related Motion to Compel: Permanently Restraining Plaintiff's Counsel from Violating Model Rule 4.2 (*Court Doc. 72).*

## I. FACTS

The essential facts are not disputed. Counsel for A&J alleges that an investigator hired by Salazar's counsel sent a note to the principals of A&J asking them to contact him. They did not do so, and there was no further communication between the investigator and A&J or its officers. There is no suggestion that Salazar's counsel himself attempted to contact A&J. *See Court Doc. 73 at 3-4.*

Salazar's counsel admits these facts, appropriately acknowledges that they raise serious concerns, and further acknowledges that the minimal contact that occurred was "out of line." *Court Doc. 94 at 2.* He states that he did not personally attempt to contact A&J, nor did he direct his investigator to do so. He filed an affidavit of his investigator, in which the investigator acknowledges that he sent his business card to A&J, reportedly in an effort to obtain information to locate a witness. *Court Doc. 94-1 at 2.* The affidavit states that "neither Lucas Foust nor anyone from his office directed me to contact either Jay or Diane Foster [A&J principals]," that the communication was "done without the knowledge or direction of anyone from Foust Law Office," and that he

2

now "realize[s] that it was inappropriate for me to contact the Fosters." *Id.* at 2-3.

## II. DISCUSSION

A district court has the duty and responsibility to supervise the conduct of attorneys who appear before it. For unethical behavior, courts may impose sanctions including monetary sanctions, contempt, and disqualification of counsel. *Erickson v. Newmar Corp.*, 87 F.3d 298 (9th Cir. 1996). In *Erickson,* the Court found that defense counsel had tampered with two essential expert witnesses of the opposing party, thereby depriving Erickson from receiving a fair trial. The Ninth Circuit instructed the district court to impose appropriate sanctions and disciplinary action upon counsel. *Id.* at 304.

> Local Rule 83.2 of this Court provides:
>
> The standards of professional conduct of attorneys appearing in the Court include the American Bar Association's Model Rules of Professional Conduct and the Montana Rules of Professional Conduct. For a willful violation of any professional rules or standards in connection with any pending matter, an attorney is subject to appropriate disciplinary action and to referral of the matter to the appropriate authority for disciplinary proceedings.

Rule 4.2 of the Montana Rules of Professional Conduct ("MRPC") provides that a lawyer "shall not communicate about the subject of the

3

representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." This applies as well to communications with an organization that is represented by counsel. *See ABA Model Rule of Professional Conduct 4.2, comment 7.* Neither Mr. Foust nor his investigator was authorized to communicate directly with A&J.

Rule 5.3(b) of the MRPC provides that "[w]ith respect to a nonlawyer employed or retained by a lawyer, the lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." A lawyer is responsible for the conduct of such a nonlawyer if: "(1) the lawyer orders or, with the knowledge of the specific conduct, ratifies or ignores the conduct involved; or (2) the lawyer ... has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action." *Id.* at 5.3(c). It is unclear what action Mr. Foust took to "make reasonable efforts" to ensure that his investigator did not violate rules of conduct.

The primary relief sought here is in the nature of injunctive relief. The purpose of injunctive relief is to "preserve the status quo and the rights of the parties until a final judgment issues in a cause." *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (*citing Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395 (1981)). A party seeking a preliminary injunction must show the harm that will occur absent the injunction. *Id.* A&J has not shown a likelihood of harm absent an injunction.

Accordingly, injunctive relief will be denied for the following reasons. First, it does not appear that the violation was willful. Second, it does not appear that Plaintiff's counsel directed, ratified, or ignored this issue, or that he failed to take remedial action. Third, although the remedial action was arguably not as prompt as it should have been, there is no showing that the violation caused harm or is likely to reoccur. As an officer of this Court, Mr. Foust, like all attorneys who practice in this jurisdiction, is bound to adhere to all applicable rules of professional conduct, even in the absence of a restraining order or injunction. If a violation does reoccur and it comes

5

to the attention of this Court, sanctions will be imposed pursuant to the authorities cited above.

In addition to injunctive relief, A&J requested that sanctions be imposed. *Court Doc. 104 at 2.* Before seeking sanctions, counsel should make a good faith effort to resolve the controversy without court action. *See generally Fed. R. Civ. P. 37(a)(1); Local Rule 26.3(c)(1).* It does not appear that movant's counsel here made a good faith effort to resolve this controversy without court action.

### III. <u>CONCLUSION</u>

For these reasons, IT IS ORDERED as follows:

(1) A&J's Motion for Temporary Restraining Order (*Court Doc. 70*), and its related Motion to Compel: Permanently Restraining Plaintiff's Counsel from Violating Model Rule 4.2 (*Court Doc. 72)* are DENIED;

(2) Mr. Foust and Mr. Stubbs each must carefully read and consider: (a) the Standards of Professional Courtesy Among Attorneys, and (b) Ten Commandments for Trial Lawyers. **On or before June 27, 2012,** each attorney must file a notice with the Court confirming

6

that he has done so. Both documents can be found in the 2012 Lawyers' Deskbook & Directory.

DATED this 13th day of June, 2012.

<u>/s/ Carolyn S. Ostby</u>
United States Magistrate Judge