IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JUAN SALAZAR,<br><br>        Plaintiff,<br><br>vs.<br><br>CONTINENTAL CONSTRUCTION OF MONTANA, LLC, A&J CONSTRUCTION OF MONTANA, INC., and JOHN DOES A-ZZ,<br><br>        Defendants. | CV 11-16-BLG-CSO<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

Plaintiff Juan Salazar ("Salazar") has moved to amend his Complaint. *DKT 92*. Defendants A&J Construction of Montana, Inc. ("A&J"), and Continental Construction of Montana, LLC ("Continental") object. *Id. at 1-2*. A&J filed a response brief, *DKT 103*, but Continental did not. On June 22, 2012, Salazar filed his reply brief. *DKT 114*. Thus, the motion is ripe for decision. For the reasons discussed below, the Court will grant the motion.

## I. BACKGROUND[1]

The Court issued a Scheduling Order on July 14, 2011, setting September 15, 2011, as the deadline for the parties to file motions to amend the pleadings. *DKT 39 at 2*. Salazar filed the motion at hand on May 21, 2012. *DKT 92*.

## II. PARTIES' ARGUMENTS

Salazar seeks to amend his complaint to add, among other allegations, fraud and constructive fraud claims against A&J, including a request for punitive damages stemming from those claims. *Salazar's Br. (DKT 93) at 3*. Salazar argues that his request to amend arises from information unearthed during recent discovery, including that: (1) Continental contracted with A&J for A&J to complete framing on a Yellowstone Club project known as Slopeside 504; (2) the contract precluded A&J from subcontracting any work to other subcontractors; (3) the vast majority of A&J workers are undocumented immigrants from Mexico, which was known to A&J; (4) Salazar's two supervisors

---

[1]This matter's background is reflected in the record and is well-known to the parties. The Court will not recite it here except as necessary to address the motion at hand.

required him to obtain an Independent Contractor Exemption Form or Certificate as a prerequisite to working for A&J, which documentation was prepared by Sandra Armstrong or another agent of an A&J subcontractor; (5) this information was known to A&J; and (6) despite all of this, A&J and its subcontractors had control over the specific details of Salazar's work. *Id. at 4-6*.

A&J responds that the Court should deny Salazar's motion arguing that his proposed amendment is futile. *A&J's Resp. Br. (DKT 103)*. A&J argues that under Rule 16(b)(4),[2] Salazar must show "good cause" for amending his Complaint. A&J maintains that, because Salazar's proposed amendment is futile, good cause is lacking. *Id. at 2-3*. Specifically, A&J argues that amendment is futile because: (1) under *Gonzales v. Walchuk*, 59 P.3d 377 (Mont. 2002), Salazar need not amend his Complaint to contend that was an employee of subcontractor Alcarez Construction, Inc., to state a claim for fraud because he already alleges in his Complaint that he was an Alcarez employee, *id. at 5-6*; and (2) if the Court or the jury determines that Salazar is an

---

[2]References to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

3

independent contractor, Salazar does not have a claim for relief under his fraud claims, *id. at 6-21*.

## III. <u>DISCUSSION</u>

Where, as here, the deadline for amending pleadings has passed, Salazar must first show "good cause" for the amendment, pursuant to both Rule 16(b) and the Scheduling Order. *DKT 39 at 1*. This "good cause" standard considers primarily the diligence of the party seeking the amendment. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Having considered the parties' arguments, the Court concludes that Salazar diligently sought amendment.

As noted above, information upon which Salazar relies in seeking to amend his Complaint came to light during recent discovery. In support of his motion, Salazar references testimony given in depositions taken on May 3, 2012. *DKT 93-3 at 1* (Diane Foster Depo.) and *at 8* (Sandra Armstrong Depo.). He also notes that it was not until May 3, 2012, that he was provided the Independent Contractor Exemption Certificate for Juan Salazar Construction. *Salazar's Reply Br. (DKT 114) at 2*. Salazar filed his motion to amend his Complaint on

4

May 21, 2012. *DKT 92*.

Although adherence to deadlines dictated by the Federal Rules of Civil Procedures and the Court's scheduling orders is required, some leeway must be afforded where necessary to ensure that substantial justice is done. Information that came to light during discovery reasonably altered Salazar's theories of recovery in relation to A&J. Although Salazar's motion to amend failed to comply with the scheduling order deadline, that fact alone does not compel the conclusion that he was not diligent in seeking leave to amend. The minimal amount of time between Salazar's awareness of the newly-discovered information and his filing of the motion to amend lead the Court to conclude that Salazar was diligent in moving to amend and that he satisfied Rule 16's "good cause" requirement.

Having found "good cause" under Rule 16(b), the Court turns to Rule 15(a) to determine whether amendment should be allowed. Under Rule 15(a), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *See Johnson v. Mammoth Recreations,*

*Inc.,* 975 F.2d at 607.

A&J has neither argued nor shown that amendment would cause unfair prejudice, is sought in bad faith, or would create undue delay in the proceedings. Rather, A&J relies solely on its argument that Salazar's amendment to add fraud and constructive fraud claims against it would be futile. The Court is not convinced.

A&J argues that Salazar has failed to present sufficient facts to support the claims he seeks to assert through his proposed Amended Complaint. But whether A&J's position has merit must await further development of the record. At this point, it cannot be said that Salazar can prove no set of facts to support the claims he seeks to add. Thus, A&J's argument that amendment would be futile fails.

The Court is mindful that "[c]ourts are free to grant a party leave to amend whenever 'justice so requires', Fed.R.Civ.P. 15(a)(2). *Moss v. U.S. Secret Service*, 573 F.3d 962, 971 (9th Cir. 2009). Accordingly, and for all of the foregoing reasons, the Court concludes that the motion to amend should be granted.

## IV. **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Salazar's motion to amend *(DKT 92)* is GRANTED. Salazar shall promptly file his amended pleading.

DATED this 11th day of July, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge