IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JUAN SALAZAR,<br><br>        Plaintiff,<br><br>vs.<br><br>CONTINENTAL CONSTRUCTION OF MONTANA, LLC, A&J CONSTRUCTION OF MONTANA, INC., and JOHN DOES A-ZZ,<br><br>        Defendants. | CV 11-16-BLG-CSO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUBMISSION OF JURY QUESTIONNAIRES** |

Plaintiff Juan Salazar ("Salazar") moves under Local Rule 47 for leave to submit questionnaires to all prospective jurors for this case. *Mtn. for Submission of Jury Questionnaires (DKT 107).* Defendant A&J Construction of Montana, Inc. ("A&J") opposes the motion. *A&J's Resp. Br. (DKT 117).*

Although other motions are pending, the Court here addresses only Salazar's Motion for Submission of Jury Questionnaires *(DKT 107).* Having considered the parties' briefs and submissions, the Court will deny Salazar's motion as discussed below.

1

## I. PARTIES' ARGUMENTS

Salazar moves the Court to approve a questionnaire for prospective jurors "to allow all parties to better understand the opinions and beliefs of prospective jurors." *Salazar's Br. (DKT 108) at 2*. He states that he "is asking that prospective jurors be asked questions about their feelings toward illegal immigration, damages, and the civil justice system in general[ ]" and argues that "[t]hese questionnaires provide important insight into prospective jurors and will, importantly, significantly decrease the amount of time necessary for voir dire in court." *Id. at 3*.

A&J objects arguing that Salazar's proposed questionnaire is: (1) too lengthy and thus burdensome for potential jurors, *DKT 117 at 2*; (2) prejudicial to A&J because jurors may resent having to complete a time-consuming form before serving as jurors, *id.*; (3) intimidating to potential jurors because most are lay people unfamiliar with court proceedings, *id. at 2-3*; (4) improper to the extent there are questions about insurance and insurance companies, *id. at 3*; (5) biased in Salazar's favor, *id.*; (6) redundant to questions that can be asked during

voir dire, *id. at 3-4*; and (7) ineffective in allowing counsel to observe potential jurors' reactions, both verbal and nonverbal, while answering questions, *id. at 4*.

In reply, Salazar notes that he agrees to delete 18 questions previously proposed "[i]n an effort to reach a mutually acceptable questionnaire[.]" *Salazar's Reply Br. (DKT 141) at 1*. In doing so, he has reduced the questionnaire from 16 to 12 pages, and reduced the number of questions to 68. *Id. at 2*. Salazar argues that, in dividing the remaining questions into three groups, he responds to A&J's objections as follows: (1) respecting questions 15-28, A&J's argument that questions are biased is unfounded because the questions "are completely innocuous ... [and] will tell a lot about perspective (sic) jurors and any bias they may have[,]" *id. at 3*; (2) respecting questions 63-68, Salazar's status as an immigrant makes it necessary for these questions to be explored, *id. at 3-4*; and (3) questions 71-85 are drafted to be fair, and some questions about juror vision and hearing will help them avoid the embarrassment of having to reveal such information in open court, *id. at 4-5*.

## II. DISCUSSION

Local Rule 47.1(b) provides:

> **Juror Questionnaires**. Case specific juror questionnaires may be allowed at the discretion of the presiding judge and under such terms and conditions as ordered by the presiding judge.

L.R. 47.1(b) (emphasis in original). With his reply brief, Salazar presented his revised Jury Questionnaire, consisting of 12 pages and 68 questions. *See DKT 141-1 at 2-13*. Having carefully reviewed the questionnaire, together with the parties' arguments, the Court will exercise its discretion in denying Salazar's motion for the reasons that follow.

First, many questions duplicate the Jury Information Form contained in the Summons for Jury Service that prospective jurors receive, complete, and return to the Clerk of Court when they have been summoned for jury duty. See Form AO 2208 (rev. 9/01) ("AO 2208"). For example, AO 2208 already contains some form of questions 1, 2, 3, 7, 8, 30, 31, 32, and 66 from Salazar's proposed questionnaire. Also, AO 2208 contains other questions, such as "Spouse's Occupation" (AO 2208 question number 15) that could help at least partially answer

4

Salazar's proposed question numbers 9 and 10. It would be unreasonable to place upon prospective jurors the burden of answering questions they have already answered in responding to their summonses.

Second, some of Salazar's proposed questions have seemingly no or very little relevance to how a prospective juror may view issues in this case. For example, questions 9 and 10 seek information about military service and contract work with the military by the prospective juror and his or her spouse. Questions 11 through 19, although perhaps intended to seek insight into each potential juror's general views, again bear little connection to likely trial issues, and thus do not justify the additional burden, and perhaps confusion, the additional written questionnaire would cause for many jurors.

Third, the Court agrees that the opportunity for the Court and counsel to observe prospective jurors' demeanor and reactions is critical. In denying a requested jury questionnaire in a criminal case, a federal district judge observed:

> In the typical case, a written questionnaire works a significant savings in time only if the prospective juror's written responses ...

can substitute for the oral voir dire. This savings in time is not without a cost. The court, the parties and their attorneys lose the opportunity to observe demeanor. The Supreme Court said in *Rosales–Lopez v. United States*, 451 U.S. 182, 188, 101 S.Ct. 1629, 1634, 68 L.Ed.2d 22 (1981):

> Despite its importance, the adequacy of voir dire is not easily subject to appellate review. The trial judge's function at this point in the trial is not unlike that of the jurors later on in the trial. Both must reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and of responses to questions.

The Supreme Court echoed this same concern about observing juror demeanor in Mu'Min when the defendant argued that pretrial written questionnaires would allow the juror to disclose the content of pretrial publicity. 500 U.S. at 425, 111 S.Ct. at 1905, 114 L.Ed.2d at 505 ("[S]uch written answers would not give counsel or the court any exposure to the demeanor of the juror in the course of answering the content questions.") How a person says something can be as telling as what a person says. ... Most of the general voir dire examination, however, is not difficult and does not require detailed answers. Nor does additional time to reflect over questions necessarily mean more accurate and truthful answers.

*United States v. Jackson,* 863 F.Supp. 1449, 1459 (D. Kan. 1994).

Finally, as to the remaining proposed questions not already discussed, in this Court's opinion traditional voir dire will sufficiently permit the parties to select a fair and impartial jury. See *Lowery v. City of Albuquerque*, 2012 WL 1372273, at *4 (D. N.M., April 11, 2012) ("To be meaningful, the adequacy of voir dire examination must allow a

6

party an opportunity to make reasonably intelligent use of peremptory challenges and challenges for cause."). Salazar has made no argument that voir dire would be inadequate – only that his proposed questionnaire would "streamline" the process. *DKT 141 at 2.* The Court concludes that the topics presented in the proposed questionnaire are amenable to examination through voir dire. The Court is confident that the voir dire process will allow counsel ample opportunity to elicit information necessary to select a fair and impartial jury. In short, the proposed questionnaire is unnecessary in this case.

III. <u>CONCLUSION</u>

For the foregoing reasons, IT IS ORDERED that Salazar's Motion for Submission of Jury Questionnaires *(DKT 107)* is DENIED.

DATED this 30th day of July, 2012.

<u>/s/ Carolyn S. Ostby</u>
United States Magistrate Judge