IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JUAN SALAZAR,<br><br>        Plaintiff,<br><br>vs.<br><br>CONTINENTAL CONSTRUCTION OF MONTANA, LLC, A&J CONSTRUCTION OF MONTANA, INC., and JOHN DOES A-ZZ,<br><br>        Defendants. | CV 11-16-BLG-CSO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENT AND ADD EXPERT WITNESS** |

Plaintiff Juan Salazar ("Salazar") claims that Defendants Continental Construction of Montana, LLC ("Continental") and A&J Construction of Montana, Inc. ("A&J") failed to provide a safe work environment resulting in his work-related injuries. *Fourth Am. Cmplt. (DKT 139)*. Salazar settled his claims against Continental. *DKT 140*. The Court recently granted Salazar leave to file his Fourth Amended Complaint. *Order (DKT 138)*.

Although other motions are pending, the Court here addresses only Salazar's Motion for Leave to File Document and Add Expert

1

Witness *(DKT 100)*.  The Court will address other pending motions by separate orders.  Having considered the parties' briefs and submissions respecting the motion at hand, the Court will grant Salazar's motion as discussed below.

## I.     BACKGROUND

The Court issued a Scheduling Order on July 14, 2011, setting March 15, 2012, as the deadline for the parties to simultaneously serve their liability expert disclosures.  *Scheduling Order (DKT 39) at 2*.  Salazar filed the instant motion on May 24, 2012.  *DKT 100*.

## II.    PARTIES' ARGUMENTS

Salazar moves for leave "to obtain the services of a handwriting expert and include this expert as a supplement to [his] previous expert witness disclosure."  *DKT 100 at 1*.  He argues that he received on May 24, 2012, certain documents from the Montana Department of Labor and Industry that had been submitted on his behalf in support of an application for Independent Contractor Certification.  Salazar argues that the documents, including an affidavit bearing his signature, "do not appear to have been signed by Juan Salazar ... [but instead] appear

to have been signed by Sandra Armstrong[,]" who "was the bookkeeper for Oscar Cruz Construction." *Br. in Support (DKT 101) at 2.* Salazar seeks the Court's leave to supplement his expert witness disclosure with a handwriting analyst "to get to the bottom of this issue[.]" *Id.*

A&J opposes Salazar's motion arguing that a handwriting expert is unnecessary because: (1) sufficient evidence already exists respecting the supporting documents; (2) Salazar's motion is "confusing" and "unusual" since "it is highly irregular for a Plaintiff to have a handwriting expert testify about his own signature[,]"; (3) Salazar has presented no evidence that Sandra Armstrong signed Salazar's affidavit in his stead; and (4) Salazar maintains that he did not understand the contents of the affidavit which is irrelevant to whether he signed it. *A&J's Resp. Br. (DKT 106) at 2-4.*

In reply, Salazar declares that he has hired Wendy Carlson ("Carlson") as an expert document examiner. *Salazar's Reply Br. (DKT 118) at 2.* In her report attached to Salazar's brief, Carlson concludes that "Sandra Armstrong did indeed forge the signatures and initials of Juan Manuel Salazar Garcia on the questioned documents [which

3

include Salazar's affidavit, a Colorado driver's license, a waiver of worker's compensation benefits form, and a list of subcontractor tools, respectively] [.]" *Id.* Salazar argues that, despite Carlson's report, Sandra Armstrong denied in her recent deposition that she forged the documents. Salazar also argues that: (1) Armstrong testified at her deposition that her son's girlfriend forged her name to documents submitted to the Montana State Fund; (2) the address on Salazar's Independent Contractor Exemption Certificate, of which he never received a copy, bears Armstrong's business address; (3) Salazar's private investigator uncovered evidence, which Salazar attached, indicating that a Colorado driver's license issued for Salazar is fictitious and was actually signed by Sandra Armstrong; and (4) all of this evidence bears on the credibility of witnesses to this action, including A&J's owners, Jay and Diane Foster, Oscar Cruz, and Sandra Armstrong. *Id.* at 3-4.

## III. <u>DISCUSSION</u>

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As noted in the Court's order

granting Salazar's motion to amend his Complaint, "[t]his 'good cause' standard considers primarily the diligence of the party seeking the amendment." *DKT 138 at 4* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). In light of the circumstances in this action, the Court concludes that Salazar diligently sought modification of the Scheduling Order to supplement his liability expert disclosures and that Salazar's reasons for seeking the modification also satisfy the "good cause" standard.

As noted, Salazar filed the instant motion on May 24, 2012 – the same day he represents that he received from the Montana Department of Labor and Industry the allegedly suspect documents submitted on his behalf in support of an application for Independent Contractor Certification. He thus was diligent in seeking modification of the schedule to allow him to retain a handwriting analyst.

Also, Salazar's recent receipt of documents that he suspects were forged reasonably altered his theories of recovery in relation to A&J. This, too, constitutes good cause to permit him "to obtain the services of a handwriting expert and include this expert as a supplement to [his]

previous expert witness disclosure[,]" as he has requested.

In reaching this conclusion, the Court is unpersuaded by A&J's arguments opposing Salazar's motion. First, while some evidence already may exist respecting the documents at issue, the nature of Salazar's contention – that is, that the documents carry forged signatures – is generally a proper subject for expert testimony. See Fed. R. Evid. 702; *U.S. v. Prime*, 431 F.3d 1147, 1151-54 (9th Cir. 2005).

Second, the Court finds Salazar's motion neither confusing nor unusual under the circumstances of this case. Salazar's counsel has represented to the Court that Salazar: (1) is a citizen of Mexico, *DKT 139 at ¶ 1*; (2) is an undocumented immigrant, *DKT 101 at 3*; (3) has less than a high school education, *id*.; and (4) does not speak English, *id*. It is undisputed that the subject documents are in English. That Salazar's purported signatures on the documents vary considerably reasonably raises issues respecting whether he did sign the documents. *See DKT 118-1 at 4-13*. Thus, his motion for leave to retain a handwriting analyst is reasonable.

Third, contrary to A&J's argument, Salazar has argued and

presented supporting evidence that Sandra Armstrong signed Salazar's affidavit in his stead.  Handwriting analyst Wendy Carlson's report is attached to Salazar's reply brief as Exhibit A.  *See DKT 118-1 at 2-28*.  Although Salazar filed this evidence with his reply brief after A&J had responded to his motion, the report nevertheless meets  A&J's objection that Salazar did not present any evidence that Sandra Armstrong signed documents in Salazar's stead.

IV. **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Salazar's Motion for Leave to File Document and Add Expert Witness *(DKT 100)* is GRANTED.

DATED this 30th day of July, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge

7