IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JUAN SALAZAR,<br><br>        Plaintiff,<br><br>vs.<br><br>A&J CONSTRUCTION OF MONTANA, INC.,<br><br>        Defendant. | CV 11-16-BLG-CSO<br><br>ORDER |

Pending is Plaintiff Juan Salazar's ("Salazar") Rule 59 Motion for a New Trial. *ECF 339.*[1] For the reasons set forth below, the Court will deny Salazar's motion.

## I.    <u>BACKGROUND</u>

This case was tried before a jury during a six-day trial beginning

---

[1]The ECF citation refers to the document as it is numbered in the Court's electronic filing system. Citations to page numbers refer to those assigned by the ECF system.

on January 22, 2013. *ECF 309.* On January 29, 2013, the jury returned a verdict in favor of Defendant A&J Construction of Montana, Inc. ("A&J"). *ECF 326.* Specifically, as to Question Number 1 on the verdict form – "Was A&J negligent in the incident that occurred on June 19, 2008?" – the jury answered "Yes." *ECF 326 at 1.* To Question Number 2 – "Was A&J's negligence a cause of injury to Juan Salazar?" – the jury answered "No." *Id. at 2.* This answer to Question Number 2 ended the jury's deliberations. *Id.*

The Clerk of Court entered judgment in favor of A&J on January 30, 2013. *ECF 329.* On February 27, 2013, Salazar timely filed the pending motion for a new trial.

## II. PARTIES' ARGUMENTS

Salazar's motion for a new trial is based on his contention that the verdict was against the clear weight of the evidence. He argues that because the "clear weight of the evidence indicates Mr. Salazar's injuries were caused by A&J's negligence[,] the verdict rendered contrary to this evidence is a miscarriage of justice." *Pltf's Br. in Support of Mot. for New Trial (ECF 340) at 2.* Salazar contends that: (1) A&J was found to be negligent because it did not have an OSHA

compliant fall arrest system in place *(id. at 6-7)*; (2) with no pre-designated anchor points or an onsite qualified person available, "the clear weight of the evidence showed this non-compliance was a substantial factor in Salazar's fall" *(id. at 5, 7)*; and (3) "[f]or all intents and purposes, A&J did not make causation a part of its defense either with the evidence it presented or in argument" *(id. at 4)*. Salazar argues that "had the requisite implementation, enactment, and training been done, the clear weight of the evidence indicates that Mr. Salazar would not have ascended the trusses without being tied-off at a pre-designated anchor point." *Id. at 10*.

A&J argues that Salazar's motion should be denied "because the jury reasonably concluded upon supportable evidence that [Salazar's] acts and omissions alone were the substantial factors in causing his injuries." *Deft's Response in Opposition (ECF 347) at 1*. A&J argues that while it was Salazar's burden to prove causation, A&J presented evidence showing that Salazar's "free choice not to use his fall protection gear while climbing onto the top plate was <u>the</u> cause of his own injuries…" *Id. at 5* (emphasis in original). A&J argues that the evidence at trial demonstrated that Salazar: (1) appreciated the risk of

not wearing fall protection, (2) knew that he was supposed to wear fall protection while working at heights, and (3) did not know why he was not wearing fall protection on the day of his accident. *Id. at 12-13*. Thus, A&J concludes, the jury's determination that A&J's negligence was not a substantial factor in bringing about Salazar's injuries was reasonable and should not be disturbed. *Id. at 16*.

### III. LEGAL STANDARD

Rule 59(a)(1) states that a new trial may be granted after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" When, as here, a motion is made for a new trial based on the trial evidence, the district court has the duty "to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the Court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).

It has long been recognized, however, that a judge is not free to reweigh the evidence and set aside the jury verdict merely because the

jury could have drawn different inferences or conclusions or because the judge feels that other results are more reasonable. *Tennant v. Peoria & Pekin Union Ry.*, 321 U.S. 29, 35 (1944). More recently, the Ninth Circuit held that it is an "impermissible practice" for the court to take its own view of the evidence in place of the jury's. *Tortu v. Las Vegas Metropolitan Police Dept.,* 556 F.3d 1075, 1084 (9th Cir. 2009). *See also Union Oil Co. of Cal. v. Terrible Herbst, Inc.*, 331 F.3d 735, 743 (9th Cir. 2003) (reversing order granting a new trial, stating "[i]t is not the courts' place to substitute our evaluations for those of the jurors"); *Roy v. Volkswagen of America, Inc.*, 896 F.2d 1174 (9th Cir. 1990) (reversing order granting new trial, stating that a new trial may not be granted "merely because [the trial judge] might have come to a different result from that reached by the jury").

## IV. **DISCUSSION**

Salazar focuses his motion for a new trial on the jury's finding that A&J's negligence was not a cause of Salazar's injury. The Final Jury Instructions regarding negligence included Jury Instruction No. 6, which provided:

> Every person is responsible for injury to the person of another, caused by his negligence.
>
> Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. A person is negligent if he fails to act as an ordinarily prudent person would act under the circumstances.

*ECF 325 at 7*. Jury Instruction No. 7 provided:

> A&J had a non-delegable duty of safety on the work site where Salazar was injured.
>
> This non-delegable duty required that A&J do the following:
>
> (1) furnish a place of employment that was safe for each employee;
>
> (2) with the exception of footwear, purchase, furnish, and require the use of health and safety devices, safeguards, protective safety clothing, or other health and safety items, that may be required by state or federal law, the employer, or the terms of an employment contract;
>
> (3) adopt and use practices, means, methods, operations, and processes that are reasonably adequate to render the place of employment safe; and
>
> (4) do any other thing reasonably necessary to protect the life, health, and safety of the employees.
>
> Violation of this non-delegable duty is negligence.

*Id. at 8*. Finally, Jury Instruction No. 8 provided:

> If you find that A&J violated any Occupational Safety and Health Act regulations, you may consider that as evidence of negligence.

*Id.* at 9.

The Final Jury Instructions contained one causation instruction, Jury Instruction Number 12, which provided:

> A party's conduct is a cause of injury if the conduct is a substantial factor in bringing about the injury.

*Id.* at 13. Salazar did not object to Jury Instruction 12 at the trial, nor does he object now. Rather, Salazar argues that, under the above-quoted jury instructions, the clear weight of the evidence should have led the jury to conclude that A&J's negligence was a substantial factor in bringing about Salazar's injury.

Salazar's position rests in part on the assumption that the jury based its finding of negligence on subsections (1) and (3) of Instruction Number 7. *ECF 340 at 5*. Salazar argues that the only evidence defining a "place of employment that was safe" came from OSHA standards, and that the evidence demonstrated that A&J failed to implement an OSHA compliant fall arrest system on the work site. *Id*. Without predesignated anchor points or site-specific training, Salazar argues, "it is more likely than not" a worker would be injured in a fall; thus, A&J's inadequate fall arrest system must have been a

"substantial factor" in bringing about Salazar's injury.

To support his position, Salazar directs the Court to Jay Foster's testimony explaining: (1) A&J used the same site-specific fall arrest plan for about ten years for different types of job sites, *(Foster Trial Test (ECF 337) at 29-30, 42)*; (2) A&J's Safety & Health Plan did not designate specific anchor points designed by a Qualified Person, *(Foster Trial Test (ECF 341) at 35)*; and (3) each worker was required to designate proper anchor points each time that worker went into the trusses (*id. at 74-75),* and different workers gave different suggestions as to where Salazar should have tied off.

In response, A&J points to the following evidence: (1) Salazar's testimony regarding the necessity and use of fall protection, (2) testimony from multiple witnesses regarding the training provided at the work site, (3) testimony from the other workers regarding the necessity of fall protection, and the location of anchor points, and (4) testimony from Salazar's expert witness regarding the location of anchor points. *See ECF 347 at 6-8*.

After carefully weighing the evidence presented at the trial under the applicable legal standards, the Court concludes that the jury's

verdict is not against the clear weight of the evidence. First, contrary to Salazar's assertions, the record reflects that A&J defended against causation allegations. As quoted in Salazar's brief, A&J's counsel stated in final argument "[w]hat caused Mr. Salazar's fall was his own free choice to not use fall protection the day of his accident." *ECF 340 at 11* (citing *Deft's Closing State. (ECF 338) at 9*). A&J's counsel also stated, "[w]e, more likely than not, would not be here if Mr. Salazar would have worn his fall protection that day[,]" and that "Mr. Salazar also testified that if he had been wearing his fall-protection gear or using it he wouldn't have hit the ground." *ECF 338 at 4*.

Second, the verdict form does not specify under which of the several negligence instructions or subsections the jury found negligence. The Court therefore may not rely on Salazar's assumption that the jury found negligence based on the failure to have an OSHA compliant fall arrest system. For example, the jury could have found negligence based on a lack of adequate safety documentation, the failure to purchase and furnish safety gear, or a different violation of OSHA not involving the fall arrest system – conclusions supportable by the record.

Finally, the jury's finding that A&J's negligence was not a substantial factor in bringing about Salazar's injury finds support in the evidence. There was trial evidence of the following: (1) evidence that Salazar was not wearing his safety harness when he ascended to the top plate shortly before his fall; (2) Salazar appreciated the risk of not wearing fall protection while working at heights, but did not know why he was not wearing fall protection that day, *(Salazar Trial Test (ECF 347-1) at 7, 10-13)*; and (3) while various witnesses gave different suggestions as to where Salazar should have tied off, each identified anchor points, such as the top plate or the truss, to which a worker could tie off, (*see, e.g., Foster Trial Test (ECF 337) at 76* ("Any of us would have climbed the extension ladder, gotten to the top, taken a beam wrap, put it around the eight-by-eight, hook your lanyard on and then step out on the top plate"); *MacDonald Trial Test (ECF 346) at 8* ("He could start by tying off to the bottom cord until his D-ring went above that level").

In light of this and other evidence, and in deference to the jury's role in resolving any discrepancies in the testimony, the Court is not "left with the definite and firm conviction that a mistake has been

committed." *See Landes*, 833 F.2d at 1371-72. Accordingly, the Court cannot conclude that the jury's verdict is contrary to the clear weight of the evidence. *See, e.g., Correia v. Fitzgerald*, 354 F.3d 47, 56-57 (1st Cir. 2003) (affirming district court's denial of Rule 59 motion where jury found negligence but no causation). The jury had a difficult task to perform in reaching its verdict and the Court is not persuaded that it should substitute its opinion for the opinions of the jurors.

## V.  **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Salazar's Motion for a New Trial *(ECF 339)* is DENIED.

DATED this 16th day of April, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge